NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GERARDO JARAMILLO and MARIA JARAMILLO, his wife, | : Hon. Dennis M. Cavanaugh<br>: **OPINION**<br>: Civil Action No. 12-cv-04490(DMC) (JAD) |
| Plaintiffs, | |
| v. | |
| CLEANCO MAINTENANCE LLC, a New Jersey Corporation, BUILDING SERVICE 32BJ HEALTH FUND, and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 32BJ AFL-CIO | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Service Employees International Union, Local 32BJ ("Local 32BJ") to dismiss all claims against Local 32BJ which appear in the Complaint filed by former Union member Gerardo Jaramillo ("Mr. Jaramillo") and his wife Maria Jaramillo (collectively "Plaintiffs"), pursuant to FED. R. CIV. P. 12(b)(6). (Defs. Mot. Br., July 20, 2012, ECF No. 4-1). Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons expressed herein that Defendant's Motion to Dismiss is **granted**.

I.   BACKGROUND[1]

---

[1]   The facts set-forth in this Opinion are taken from the Plaintiffs' Complaint.

1

Plaintiffs' initial Complaint was filed on April 5, 2012 in the Superior Court of New Jersey, Law Division, Essex County. An amended Complaint was filed on June 25, 2012 and Defendants removed this action to this Court on July 18, 2012.

Plaintiffs make the following factual allegations. Mr. Jaramillo was a member of Local 32BJ. (Compl., Count Three, ¶1, ECF No. 1-1). Mr. Jaramillo began employment with Cleanco Maintenance LLC ("Cleanco") in January 2010. (Compl., Count One, ¶1). Mr. Jaramillo's employment provided family health plan benefits for him and his wife. (Compl., Count One, ¶2). The employment contract with Cleanco guaranteed Mr. Jaramillo a certain number of hours of work, which would not be reduced during his first 90 days of employment. (Compl., Count One, ¶3). Cleanco subsequently reduced Mr. Jaramillo's hours in violation of his contract. (Compl., Count One, ¶4). Cleanco, therefore, reduced and/or terminated Mr. Jaramillo's health insurance. (Compl., Count One, ¶6).

Count One of the Complaint alleges a Breach of Contract by Cleanco arising from his employment contract. Count Two alleges a Breach of the Covenant of Good Faith with respect to the employment contract. Count Three alleges that Local 32BJ violated its Duty of Fair Representation by failing to pursue a grievance on Mr. Jaramillo's behalf. Count Four seeks to join the Building Service 32BJ Health Fund (the "Fund"), which provides health insurance benefits to members of Local 32BJ, for discovery purposes only.

II. LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl.

2

Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D. N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

### III. DISCUSSION

Local 32BJ has moved to dismiss those aspects of the Complaint asserted by Plaintiffs against Local 32BJ. Defendant first asserts that Plaintiffs' claim is time-barred by the applicable six-month statute of limitations for hybrid claims that a union has breached its duty of fair representation and an employer has violated the applicable collective bargaining agreement. (Def.'s Mot. Br.7; Def.'s Reply Br. 5, Sept. 12, 2012, ECF No. 75).

Insofar as Plaintiffs have attempted to allege a claim of breach of duty of fair representation under the National Labor Relations Act ("NLRA"), that claim is barred by the six-month statute of limitations. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-72 (1963); Bullock v. Dressel, 435 F.3d 294, 299 (3d Cir.2006). The six-month period begins when "[t]he claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Hersh v. Allen Prods. Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986) (citations omitted). The six-month period "begins to run when the futility of relying on union assistance becomes apparent or should have become apparent." Balsavage v. Ryder Truck Rental, Inc., 712 F. Supp. 461, 469 (D.N.J. 1989) (citations omitted) (internal quotations omitted).

Plaintiffs alleges Local 32 BJ first breached its duty of fair representation on or about February 28, 2010, when Cleanco reduced Mr. Jaramillo's hours and Local 32BJ informed Mr. Jaramillo that, instead of having a grievance filed on his behalf, health insurance coverage for Mr. Jaramillo and his wife would be extended for the next month. (Pls.' Opp. Br. 4, Sept. 6, 2012, ECF No. 9; Jaramillo Cert. ¶ 11, Sept. 6, 2011, ECF No. 10). Mr. Jaramillo accepted the proffered solution. (Jaramillo Cert. ¶ 12). Mr. Jaramillo and his wife subsequently incurred medical expenses and Mr. Jaramillo states that in January of 2011, medical bills were returned from the healthcare providers. (Pl.'s Opp. Br. 9).

This Court finds that the statute of limitations on Plaintiffs' claim against Local 32BJ began to run no later than January 2011. Plaintiffs, in their opposition brief concede they were aware of the alleged violation by this date, stating Mr. Jaramillo "had no reason to suspect his grievance had not been addressed until he received notice in January 2011 that [Local 32BJ] had not acted on its own proposed resolution." (Pls.' Opp. Br. 9). Plaintiffs argue that Mr. Jaramillo believed Local

4

32BJ was still considering his grievance against Cleanco as of Mr. Jaramillo's December 2011 visit to the Local 32BJ office in New York City. (Pl.'s Opp. Br. 9). However, this date is nearly a year after the January 2011 date in which Plaintiffs' medical bills were returned from the healthcare providers, thus giving Plaintiffs notice of the violation and beginning the six month statutory period. The limitations period therefore concluded well before the complaint was filed on April 5, 2012. As such, aspects of Plaintiffs' Complaint asserted against Local 32BJ are time barred.

## IV.  CONCLUSION

Accordingly, this Court finds that the claims asserted against Local 32BJ are barred by the applicable statute of limitations and thus Defendant's Motion to Dismiss all claims against Local 32BJ is **granted**.

_____
Dennis M. Cavanaugh U.S.D.J.

Date:         February 28, 2013
Original:     Clerk
cc:           All Counsel of Record
              Hon. J. A. Dickson, U.S.M.J.
              File